■ In the Matter of JESSIE SMITH, Petitioner, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Washington County) to review a determination of respondent Commissioner of Correc-

tional Services which found petitioner guilty of violating certain prison disciplinary rules.

On November 30, 1984, petitioner, an inmate at Great Meadow Correctional Facility, was served with a misbehavior report charging him with violations of certain disciplinary rules, namely, lying and conspiring to escape. The misbehavior report stated that petitioner had been working in the sheet metal shop on November 29, 1984 with a fellow inmate named John Graham. Graham had told the shop instructor, Michael Nigro, that he had broken a hacksaw blade and dropped it down a drain, when in fact he had concealed the broken blade at his work station. Petitioner also attempted to mislead Nigro by telling him that he had seen Graham drop the two pieces of the blade down the drain. Upon searching the shop, the blade was found under a piece of sheet metal at inmate Graham's work area.

After a Superintendent's hearing, at which petitioner, Graham and Nigro testified, petitioner was found guilty as charged. Respondent Commissioner of Correctional Services affirmed the decision and this CPLR article 78 proceeding ensued.

Petitioner contends that the administrative determination is not supported by substantial evidence. This contention, however, must be rejected, as the testimony of Nigro provided substantial evidence to support the determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Petitioner's testimony that he was deceived by inmate Graham presented a question of credibility within the hearing officer's authority to decide *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, 198-199). The determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.