■ In the Matter of PEDRO RODRIGUEZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.— Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with refusing to obey direct orders,

harassing prison employees and failing to comply with an industrial shop rule requiring every man to punch a time clock upon entering a prison shop. The harassment charge was dismissed and petitioner pleaded not guilty to the remaining charges. At the hearing, Correction Officer Andrew Goslin, who had filed the misbehavior report, testified that petitioner refused to promptly obey orders to lock into his cell and that he initially refused to punch his time card when entering the night tailor shop. Petitioner was found guilty of both of the remaining charges. As a penalty, the Hearing Officer suspended petitioner from the night tailor shop, suspended him from the honor block, and imposed 20 days' confinement with loss of commissary, packages and phone calls. The disposition was administratively affirmed and this proceeding followed.

Petitioner contends that the determination is not supported by substantial evidence. We cannot agree. The testimony of Goslin provided sufficient evidence to support the determination. To the extent petitioner's testimony conflicted with Goslin's testimony, this created a credibility question for the Hearing Officer to resolve (see, Matter of Smith v Jones, 121 AD2d 798, 799; Matter of Sanders v Coughlin, 119 AD2d 943).

Petitioner next argues that the penalty imposed was excessive. Initially, we note that respondents have conceded that the suspension of petitioner from the night tailor shop and from the honor block should not have been imposed as part of the Tier II disposition and that these penalties should be expunged from petitioner's record. Respondents acknowledge that the facility's program committee, not the Hearing Officer, had authority to suspend petitioner from these activities. As to the remaining penalties, we confirm the determination since the penalties imposed were not so disproportionate as to be shocking to one's sense of fairness (see, Matter of Regan v Coughlin, 86 AD2d 913).

Determination modified, without costs, by annulling so much thereof as imposed penalties of suspension from the night tailor shop and from the honor block; reference to those penalties expunged from petitioner's institutional records; and, as so modified, confirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.