■ In the Matter of PATRICK SUTHERLAND, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [621 NYS2d 417] —Casey, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 26, 1994 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

On April 22, 1993, petitioner, an inmate of Clinton Correctional Facility in Clinton County, was informed by Correction Lieutenant McCormick that a note had been received which threatened petitioner's life. Petitioner was urged to enter protective custody but refused. Several hours later in a pat frisk, a correction officer found a homemade shank in the waistband of petitioner's pants. A misbehavior report charged petitioner with violating prison rule 113.10 which prohibits inmates from possessing weapons. Petitioner was assigned his assistant of choice. Petitioner received all the information he requested except the source of the tips that prompted the pat frisk, which is privileged for security reasons. Petitioner requested that a witness whom he described be produced on his behalf. This witness was supposed to answer to the name of "Afro". However, the assistant was unable to locate anyone named Afro or anyone answering petitioner's description of Afro.

The Hearing Officer agreed to call McCormick to verify the

threat on petitioner's life. Petitioner testified that he was upset and in fear upon being informed of the threat and wanted to be able to defend himself. Petitioner also agreed that he had refused protective custody. Petitioner failed to demonstrate that the pat frisk was ordered because of the threat against him or that he was the reason for such search. Substantial evidence supports the determination that a weapon was found in petitioner's possession in violation of prison rule 113.10.

The chief complaint of petitioner is that he was not allowed to establish that his possession of the weapon was justified to protect against the threat that was made against his life. There is no merit in petitioner's contention of justification. All the witnesses and the Hearing Officer agreed that petitioner was upset upon being told of the threat and possessed the weapon only as a defensive measure to such threat. However, since petitioner admitted that he possessed the weapon, the only issue presented is whether petitioner could justifiably refuse protective custody and seek to defend himself. Petitioner was given a fair opportunity to call witnesses whose testimony was relevant and to develop his defense (see, Matter of Zaro v Coughlin, 195 AD2d 1003). Given that the defense was developed, there is no legal requirement that the Hearing Officer accept this version as adequate justification for possessing a dangerous weapon. The Hearing Officer properly considered and rejected petitioner's mental state as a defense (see generally, Matter of Huggins v Coughlin, 76 NY2d 904, affg on mem below 155 AD2d 844). Furthermore, we find no prejudice or bias in the manner in which the hearing was conducted.

Upon finding defendant guilty of the violation charged, the Hearing Officer imposed a penalty of 270 days in special housing unit and 270 days' loss of commissary, phone and package privileges and recommended nine months' loss of good time. While this is a serious penalty, it is not so disproportionate to the offense in light of all the circumstances as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). By refusing protective custody, which is appropriate when an inmate's life is threatened, and arming himself, petitioner created a dangerous situation that cannot be tolerated in the State correctional system.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.