■ In the Matter of LEOPOLD SIAO-PAO, Petitioner, v DONALD SELSKY, as Department of Correctional Services Director of Inmate Disciplinary Programs, Respondent. [711 NYS2d 189] —Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 2, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate who worked in the facility law

library, was found guilty of rendering unauthorized legal assistance after he submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6) for the hearing transcript of another inmate. The penalty imposed was 60 days in keeplock with all 60 days suspended and a commensurate loss of certain privileges with only 30 days suspended. In addition, the matter was referred to the facility program committee for petitioner's removal from his position as law library clerk. After the determination of guilt was administratively affirmed, petitioner commenced this CPLR article 78 proceeding seeking its annulment on various procedural grounds. Supreme Court dismissed the petition for failure to state a cause of action and petitioner now appeals.

We affirm. Although a Hearing Officer must consider an inmate's mental condition in rendering a determination when the inmate's mental state is at issue (*see, Matter of Huggins v Coughlin*, 155 AD2d 844, 845, *affd* 76 NY2d 904), here, petitioner never raised his mental state as a defense to the disciplinary charges. Moreover, petitioner gave every indication during the hearing that he understood the charges against him and was mentally competent to proceed. In our view, his statement that he was "stressed out" at the hearing and wished to see his psychiatrist, without more, was insufficient to warrant consideration of petitioner's mental health (*see, Matter of Rosado v Kuhlmann*, 164 AD2d 199, 201, *lv denied* 77 NY2d 806).

Furthermore, contrary to petitioner's contention, the regulation prohibiting inmates from providing unauthorized legal assistance (*see*, 7 NYCRR 270.2 [B] [26] [vii]) affords sufficient notice of the prohibited conduct and, in light of the legitimate security interest in preventing inmates from gaining access to legal records of other inmates, does not unconstitutionally infringe upon petitioner's right to submit a Freedom of Information Law request (*see generally, Matter of Grochulski v Kuhlmann*, 176 AD2d 1111, 1113, *lv denied* 79 NY2d 755). Finally, given that petitioner violated his position of trust as law library clerk, we do not find the penalty imposed to be shocking to one's sense of fairness (*see, Matter of Sutherland v Coughlin*, 211 AD2d 955; *Matter of Rodriguez v Coughlin*, 132 AD2d 815).

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the judgment is affirmed, without costs.