■ In the Matter of MICHAEL SPIRLES, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.

---

[764 NYS2d 218] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered April 16, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting attempted bribery, conspiracy to introduce controlled substances into a correctional facility and attempted smuggling, based upon charges that he had written to a facility nurse offering her financial incentives for her assistance in bringing marihuana, among other substances, into the facility. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court's judgment dismissing the proceeding prompted this appeal.

It is petitioner's contention that his right to submit documentary evidence at the disciplinary hearing was violated when he was denied a copy of a sick-call slip that he had submitted to the infirmary. It was established at the disciplinary hearing, however, that the sick-call slip had not been retained and, accordingly, could not be produced. There is no requirement to produce documents that do not exist (*see Matter of Carini v Goord*, 270 AD2d 663, 664 [2000]), nor is there a requirement to produce documents that, as in this instance, would be irrelevant to the issue of the petitioner's guilt or innocence (*see Matter of Santana v Senkowski*, 269 AD2d 638 [2000]). We therefore conclude that petitioner's procedural rights were not violated.

Petitioner also contends that the Hearing Officer erred by failing to consider his history of mental illness or whether he was under the influence of any medication at the hearing. This issue has not been preserved for judicial review as it was not raised as a defense to the disciplinary charges (*see Matter of Sanchez v Selsky*, 226 AD2d 794 [1996]). In any event, evidence concerning an inmate's mental condition will be considered by the Hearing Officer only if it has been established as a relevant issue and no such showing was made here (*see Matter of Siao-Pao v Selsky*, 274 AD2d 698, 699 [2000], *lv denied* 95 NY2d 767 [2000]). Notably, petitioner gave every indication at the hearing of being mentally competent to proceed. Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.