■ In the Matter of TONY STARKS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [768 NYS2d 689]—Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault and possession of a weapon after a correction officer observed him attack another inmate with a sharpened plastic shank. At the conclusion of a subsequent tier III disciplinary hearing, he was found guilty of both charges. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner initially contends that he was denied the right to have his employee assistant testify as a witness at the hearing. The hearing transcript reveals that petitioner wished to present his testimony for the purpose of clarifying notations on the assistance form. The Hearing Officer reserved decision on the matter and, after discussing these notations with petitioner, a mutual agreement was reached concerning the assistance provided and the witnesses necessary. After this exchange, the Hearing Officer did not call petitioner's assistant to testify and petitioner did not raise an objection. Under these circumstances, we conclude that petitioner waived this claim (*see Matter of Kross v Goord*, 278 AD2d 637, 637 [2000]). In any event, even if we were to consider it, we would find no error as petitioner failed to demonstrate the relevancy of the assistant's testimony to the determination of guilt (*see Matter of Borrero v Goord*, 268 AD2d 853, 854 [2000]).

Likewise, we find no merit to petitioner's claim that he was denied a fair and impartial disciplinary hearing. In order to overturn a determination upon this ground, the petitioner must demonstrate that the Hearing Officer was biased and that the outcome of the hearing flowed from such bias (*see Matter of Brown v Goord*, 300 AD2d 777, 777 [2002]; *Matter of Uttinger v Goord*, 284 AD2d 826, 826 [2001]). We do not find that this standard was met here as the Hearing Officer conducted the hearing in an impartial manner, and the misbehavior report and testimony of the correction officer who observed the attack provide substantial evidence supporting the determination (*see Matter of Tumminia v Senkowski*, 290 AD2d 902, 903 [2002]).

Lastly, there is no authority for petitioner's assertion that he

should have received credit toward his administrative penalty for time spent in confinement before the hearing (*see Matter of Melluzzo v Goord*, 250 AD2d 893, 895 [1998], *lv denied* 92 NY2d 814 [1998]). We have considered petitioner's remaining contentions, to the extent they have been preserved for our review, and find them to be without merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.