■ In the Matter of LARRY PORTER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [775 NYS2d 610]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an incident in which petitioner made a lewd comment to a correction counselor and proceeded to throw various items at her from his cell, he was charged in a misbehavior report with assaulting staff, harassing an employee and committing an unhygienic act. While being removed from his cell following this incident, petitioner head butted a correction officer and engaged in a struggle. He was charged in a second misbehavior report with assaulting staff and engaging in violent conduct. Both misbehavior reports were the subject of a tier III disciplinary hearing. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of all charges. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Initially, petitioner's claim of hearing officer bias is without merit as the transcript reveals that the Hearing Officer conducted the proceedings in a fair and impartial manner. The misbehavior reports, together with the testimony of the correction personnel who witnessed the events, provide

substantial evidence supporting the determination and there is no indication that it flowed from any alleged bias on the part of the Hearing Officer (*see Matter of Starks v Goord*, 2 AD3d 1117, 1117 [2003]; *Matter of Green v Ricks*, 304 AD2d 1010, 1012 [2003], *lv denied* 100 NY2d 509 [2003], *cert denied* — US —, 124 S Ct 1181 [2004]).

. Petitioner also contends that the hearing was not timely completed within 14 days as required by 7 NYCRR 251-5.1 (b). Specifically, he takes issue with the validity of the first extension of the hearing, noting that the misbehavior reports were both dated July 5, 2002 in the morning, but that the Hearing Officer did not request the extension until late in the afternoon on July 19, 2002. The fact that the Hearing Officer did not seek the extension by the hour the misbehavior reports were prepared does not render the extension invalid. In any event, the time requirement of 7 NYCRR 251-5.1 (b) is directory, not mandatory, and petitioner has failed to demonstrate any prejudice whatsoever here (*see Matter of Concepcion v Selsky*, 1 AD3d 685, 686 [2003]; *Matter of Byas v Goord*, 272 AD2d 800, 800 [2000], *lv denied* 95 NY2d 765 [2000]). We have considered petitioner's remaining contentions and find them to be unavailing.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.