■ In the Matter of CHARLES T. CALHOUN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 610]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault on an inmate, fighting, refusing a direct order, interference with an employee and possession of an altered item. According to the misbehavior report, petitioner was observed fighting with another inmate. He was seen throwing punches and swinging an altered extension cord with a lock attached to one end, which struck the other inmate in the head. When initially ordered to stop fighting, petitioner failed to comply with the correction officer's demand. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the charges of fighting and possession of an altered item. At the conclusion of the hearing, claimant was found guilty of fighting, possession of an altered item, assault on an inmate and refusing a direct order. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt.

Contrary to petitioner's contention, the misbehavior report, eyewitness testimony of its author and petitioner's pleas of guilty provide substantial evidence to support the determination of guilt (*see Matter of Walton v Goord,* 290 AD2d 764 [2002]; *Matter of Kennedy v Lacy,* 277 AD2d 625 [2000]). We are unpersuaded by petitioner's contention that the determination of guilt with respect to the assault charge was based upon an unreported weapons charge. Notwithstanding the correction officer's reference to the altered extension cord as a weapon, petitioner was not charged with a weapons violation. Moreover, the determination of guilt was based upon the eyewitness account of the incident, the inmate's injuries and petitioner's testimony. With respect to the charge of disobeying a direct order, petitioner's contention that he did not hear the correction officer's initial order to stop fighting presented a credibility issue for the Hearing Officer to resolve (*see Matter of Di Rose v New York State Dept. of Correctional Servs.,* 275 AD2d 843 [2000]; *Matter of Malik v Senkowski,* 271 AD2d 793, 794 [2000]). We have reviewed petitioner's challenge to the tier classification of the possession of an altered item charge and corresponding penalty, and find it to be without merit.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.