■ In the Matter of KERRY KOTLER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [792 NYS2d 740]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with possession of a weapon in violation of prison disciplinary rules after a search of his cell revealed a metal can lid that had been fashioned into a shank. He was found guilty following a tier III disciplinary hearing, which determination was upheld on administrative appeal. This CPLR article 78 proceeding resulted.

The misbehavior report and extensive hearing testimony by the correction officer who conducted the search of petitioner's cell constitute substantial evidence supporting the determination of petitioner's guilt (*see Matter of Folk v Goord*, 307 AD2d 500, 501 [2003]; *Matter of Cendales v Goord*, 293 AD2d 802, 802 [2002]). Discrepancies in the evidence regarding when petitioner's property was searched and packed up for his subsequent trip to the special housing unit, to the extent relevant to petitioner's guilt or innocence of the charge at issue, were adequately explained by the further testimony of the officer who conducted the search, which the Hearing Officer was entitled to accept as more credible than petitioner's speculative assertion that the shank was planted by another inmate or a staff member (*see Matter of Lopez v Selsky*, 300 AD2d 975, 975

[2002], *lv denied* 100 NY2d 509 [2003]). In any event, the alleged inconsistencies were insufficient to overcome the reasonable inference established that the shank, found in an area within petitioner's control, belonged to him (*see Matter of Edwards v Goord*, 298 AD2d 793, 794 [2002]; *Matter of Fugate v Goord*, 277 AD2d 626, 627 [2000]).

Addressing petitioner's procedural claims, we find no error in the Hearing Officer's denial of petitioner's request for certain documentary evidence relating to events which occurred after petitioner's cell was searched, inasmuch as our review of the record confirms that they were either made available to petitioner at the hearing or were irrelevant and, thus, properly precluded (*see Matter of Cowart v Selsky*, 305 AD2d 837, 838 [2003], *lv denied* 100 NY2d 510 [2003]). We further reject petitioner's claim of hearing officer bias. To the contrary, the Hearing Officer allowed petitioner to explore his defense that the shank was planted in his cell through the introduction and recall of numerous witnesses, and otherwise conducted a fair and impartial hearing (*see Matter of Starks v Goord*, 2 AD3d 1117, 1117 [2003]). Petitioner's final contention has been examined and is rejected as lacking in merit.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.