■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [820 NYS2d 373]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 2, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

A misbehavior report charged petitioner with creating a disturbance, refusing a direct order and violating a movement regulation after he resisted efforts by a correction officer to escort him to his cell. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of all charges except creating a disturbance. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding.*

We confirm. Petitioner's contention that the Hearing Officer erred by failing to consider evidence of his mental illness is without merit. "Although a Hearing Officer must consider an inmate's mental condition in rendering a determination when the inmate's mental state is at issue" (*Matter of Siao-Pao v Selsky*, 274 AD2d 698, 699 [2000], *lv denied* 95 NY2d 767 [2000] [citation omitted]), petitioner submitted no evidence to establish that his mental history was relevant to the proceeding and, despite his claim to the contrary, gave every indication that he was lucid at the time that the incident occurred (*see Matter of Spirles v Goord*, 308 AD2d 610, 611 [2003]). Petitioner's further claim that the misbehavior report arose in retaliation for his past conduct toward correction officers created a credibility issue that the Hearing Officer was entitled to resolve against him (*see Matter of Raqiyb v Goord*, 30 AD3d 810, 810 [2006]).

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Although Supreme Court properly transferred the proceeding to this Court because petitioner asserted in his petition that the determination was not supported by substantial evidence, petitioner fails to raise such issue in his appellate brief and, thus, that issue is deemed abandoned (*see Matter of Vallade v Goord*, 11 AD3d 786, 787 n [2004]).