Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

■ In the Matter of CHENANGO COUNTY DEPARTMENT OF PROBATION, Respondent, v SHANE MUNDY, Appellant. [827 NYS2d 889]—Kane, J. Appeal from an order of the Family Court of Chenango County (Campbell, J.), entered November 19, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in violation of the terms of his probation and sentenced him to a six-month jail term.

Family Court issued an order placing respondent on probation after finding that he willfully violated an order of support. This Court previously held this case in abeyance (24 AD3d 1129 [2005]) pending the determination of Family Court in a companion case (*Matter of Sutton v Mundy*, 30 AD3d 698 [2006]; *Matter of Sutton v Mundy*, 24 AD3d 1128 [2005]). We have now reversed the original support violation order and dismissed the petition in that companion case because the court lacked personal jurisdiction over respondent (*Matter of Sutton v Mundy*, 37 AD3d 942 [2007] [decided herewith]). As we previously indicated in the event that the companion case was reversed, because "the court lacked jurisdiction to enter the original support violation order, the order is not merely erroneous but void and respondent cannot be punished for failing to comply with that order" (24 AD3d 1129, 1129 [2005], *supra; see Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535 [1996], *lv denied* 89 NY2d 802 [1996]; *Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848 [1995], *lv denied* 87 NY2d 809 [1996]; *see also People v Malone*, 3 AD3d 795, 797 [2004], *lv denied* 2 NY3d 763 [2004]). He is thus entitled to a reversal.

Respondent's requests for monetary damages and other relief are not properly before this Court.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

■ In the Matter of DEREK McIVER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [830 NYS2d 368]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Woodbourne Correctional Facility in Sullivan County, was working at the blackboard at the front of the classroom during his alcohol and substance abuse treatment (ASAT) class when construction work in progress on the floor above caused water—and possibly some debris—to fall down upon petitioner from the ceiling. At that point, petitioner's ASAT instructor, a correction officer, ordered his class to leave the room, but petitioner did not comply. The ASAT instructor also alleges that petitioner later told another correction officer who responded to the scene that the ASAT instructor had ordered petitioner to remain standing under the leaking ceiling. Thereafter, the ASAT instructor charged petitioner in a misbehavior report with failure to obey an order, failure to follow a staff direction in regard to movement and making a false statement. A tier III disciplinary hearing was held, after which the Hearing Officer found petitioner guilty of all three charges. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding, and the matter was transferred to this Court (see CPLR 7804 [g]).

As an initial matter, we reject petitioner's primary argument that this proceeding was improperly transferred to this Court because inaudible gaps in the hearing transcript preclude a meaningful review of the evidence. A review of the hearing testimony reveals that the record is more than sufficient for our review of the proceeding. Unlike a situation where significant portions of testimony necessary to the determination of guilt are missing from a hearing transcript (see Matter of Douglas v Goord, 24 AD3d 922, 923 [2005]), the insignificant, intermittent gaps which occurred in recording petitioner's hearing do not preclude meaningful review (see Matter of Redmond v Goord, 6 AD3d 1207, 1208 [2004]; Matter of Thomas v Coughlin, 145 AD2d 695, 696 [1988]).

Indeed, our review of the record establishes that the determination is supported by substantial evidence in the record in the form of the misbehavior report, the testimony of its author and that of two inmate witnesses called by petitioner (see Matter of Roye v Goord, 34 AD3d 1134 [2006]; Matter of Davis v Goord, 34 AD3d 1027, 1027 [2006]). Petitioner's claims—that he did not hear the order given and that his allegedly false statement was misunderstood—presented issues of credibility for resolu-

tion by the Hearing Officer (*see Matter of Calhoun v Goord*, 13 AD3d 785, 786 [2004]; *Matter of Nunez v Selsky*, 276 AD2d 962, 962 [2000]).

Next, we reject petitioner's contention that he was denied the right to present witness testimony. Following the hearing testimony, petitioner answered in the affirmative when asked if all of the witnesses that he wanted to call had been heard. Moreover, petitioner's rights were not compromised in that two of his five requested witnesses testified and the other three refused to testify, and their written refusals were provided to petitioner at the hearing (*see Matter of Davis v Girdich*, 20 AD3d 788, 789 [2005], *lv denied* 5 NY3d 715 [2005]). Petitioner's claims that some of the refusals were improperly secured are not preserved for review and, in any event, wholly unsupported (*see Matter of Price v Goord*, 29 AD3d 1203, 1204 [2006]).

We also find unavailing petitioner's contention that his defense was impaired because he was not provided with a copy of a memorandum authored by the ASAT instructor prior to his hearing. The memorandum did not form a basis for the Hearing Officer's determination and, in any event, reiterated the same information set forth in the misbehavior report. Under such circumstances, any error in failing to produce the document was harmless (*see Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005], *lv denied* 6 NY3d 711 [2006]). Other documentary and physical evidence which petitioner now claims was improperly excluded related to matters irrelevant to the charged offenses and, thus, was properly excluded (*see Matter of Rodriguez v McGinnis*, 24 AD3d 845, 846 [2005]; *Matter of Kotler v Goord*, 17 AD3d 828, 829 [2005], *lv dismissed and denied* 5 NY3d 755 [2005]).

Further, we find no merit in petitioner's contention that the determination of guilt cannot stand because he was suffering from head trauma by virtue of having been struck by the falling debris. Petitioner's failure to raise mental illness or impairment at the hearing constituted a waiver of that issue (*see Matter of Spirles v Goord*, 308 AD2d 610, 611 [2003]). Furthermore, a review of the hearing transcript reveals that petitioner was in all respects attentive, coherent and made cogent arguments in his defense (*see id.*; *see also Matter of Tafari v Selsky*, 32 AD3d 1055, 1056 [2006], *lv denied* 7 NY3d 717 [2006]). Additionally, petitioner's claim that his false statement was induced by head trauma is wholly speculative, supported only by petitioner's self-serving testimony; notably, the accident report that was prepared following the incident stated that no injury to petitioner was detected.

Petitioner's remaining claims, including allegations of bias and improper conduct by the Hearing Officer, inadequate employee assistance, fabrication of the charges and entrapment, have been considered and rejected as unsupported by the record of this proceeding.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.