■ In the Matter of KENRICK AUSTIN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [896 NYS2d 487]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an altercation with several correction officers, during which petitioner allegedly broke a broomstick over his knee and threatened an officer with the jagged remains, then later punched that officer in the jaw, petitioner was served with a misbehavior report charging him with assault on staff, possession of a weapon and harassment. A tier III disciplinary proceeding ensued, after which petitioner was found guilty of all charges. That determination was affirmed on administrative review and petitioner thereafter commenced this CPLR article 78 proceeding.*

We confirm. Petitioner contends that the Hearing Officer erred by taking the testimony of witnesses without informing him and, further, denying him access to such testimony. Even assuming that petitioner's contention was properly preserved for our review, the Hearing Officer was not required to inform petitioner prior to conducting the interviews, inasmuch as he apprised petitioner before the hearing concluded that the testimony had been taken and the reason for its confidentiality (*see Matter of Cowan v Fischer*, 64 AD3d 839, 839-840 [2009]; *Matter of Green v Coombe*, 234 AD2d 756, 757 [1996]). We also reject petitioner's contention that respondent's failure to issue an administrative determination within the statutorily prescribed 60-day period requires annulment, inasmuch as that time limitation is directory, not mandatory, and petitioner failed to demonstrate that the short delay caused substantial prejudice to his case (*see Matter of Goberdhan v Goord*, 7 AD3d 897,

* Although Supreme Court properly transferred the proceeding to this Court because petitioner raised the issue of substantial evidence in his petition, that claim has been abandoned inasmuch as petitioner failed to raise it in his brief (*see Matter of Polite v Goord*, 49 AD3d 944, 944 n [2008]; *Matter of Tafari v Selsky*, 32 AD3d 1055, 1056 n [2006], *lv denied* 7 NY3d 717 [2006]).

898 [2004]; *Matter of Ortiz v Goord*, 302 AD2d 830, 830-831 [2003]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.