09-4262-pr
Kotler v. Donelli

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

Kerry Kotler,

                                        *Plaintiff-Appellant*,


             -v-                                    (09-4262-pr)


John Donelli, *Superintendent, Bare Hill Correctional Facility*, L. Jubert, *Deputy Superintendent of Security*, Linda Turner, *Deputy Superintendent of Programs*, W. Dann, *Corrections Sergeant*, Darwin Daily, *Corrections Officer*, David Charland, *Corrections Officer*, Thomas Eagen, *Director, Inmate Grievance Programs*, Donald Selsky, *Director, Special Housing/Inmate Discipline*,[1]

                                        *Defendants-Appellees*.

_____

Appearing for Appellant:              Michael E. Cassidy, Prisoners' Legal
                                      Services of New York, Plattsburgh, NY

_____

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Appearing for Appellees:                    Barbara D. Underwood, Andrew B. Ayers
                                            (Nancy A. Spiegel, *of counsel*) for Andrew
                                            M. Cuomo, Attorney General of the State of
                                            New York

Appeal from the United States District Court for the Northern District of New York (Mordue, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Plaintiff-appellant Kerry Kotler ("Kotler") filed a complaint on Oct. 27, 2006 under 42 U.S.C. § 1983 alleging that defendants planted a weapon in his prison cell and then disciplined him for possession of that weapon in retaliation for his participation in an inmate grievance program. He alleged violations of his First and Fourteenth Amendment rights for the retaliation, and violations of his fifth amendment due process rights during his disciplinary hearing. Judge Mordue granted defendants' motion for summary judgment on Sept. 17, 2009 and Kotler now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review orders granting summary judgment *de novo*, construing evidence in the light most favorable to the nonmoving party. *Anderson v. Recore*, 446 F.3d 324, 328 (2d Cir. 2006). A grant of summary judgment should be affirmed if there are no genuine issues as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). We must "resolve all ambiguities and draw all factual inferences in favor of the nonmovant," but the nonmovant may not defeat the motion through reliance on "conclusory statements or mere allegations." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). We review allegations especially carefully for conclusory statements in prison retaliation claims. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003).

To prove a First Amendment retaliation claim under Section 1983, a plaintiff must show that the speech or conduct was protected, that there was an adverse action, and that there was a causal connection between the protected speech and the adverse action. *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). There is no dispute that Kotler's activities on the grievance committee were protected. *See Gayle v. Gonyea,* 313 F.3d 677, 682 (2d Cir. 2002). There were also clearly adverse actions – impeachment from the grievance committee and disciplinary consequences. The principle disputed issue is the causal connection between Kotler's protected conduct as a member of the Inmate Grievance Program and the weapon purportedly found in his cube, which resulted in disciplinary action.

A plaintiff bears the initial burden of showing that "the protected conduct was a substantial or motivating factor in the prison officials'" disciplinary decision. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Plaintiffs may do so with circumstantial evidence if it

2

is "sufficiently compelling," *Bennett*, 343 F.3d at 139, and may show a causal connection by demonstrating that the protected activity was close in time to the adverse action. *Espinal*, 558 F.3d at 129; *Gayle*, 313 F.3d at 683.

Viewing the evidence in the light most favorable to Kotler, as we must, a reasonable jury could return a verdict for Kotler. Kotler disavows ownership of the weapon, defendants' testimony is inconsistent on how and where the prison officials found the weapon, and there is evidence that at least one defendant wished to remove Kotler from the grievance committee. This combined with the rest of the circumstantial evidence Kotler alleges is sufficient to raise a genuine issue of fact as to whether one or more of the defendants retaliated against Kotler for his protected activities. On remand, the district court should, of course, evaluate the claims against each group of defendants separately and may consider whether summary judgment for lack of personal involvement is appropriate as to some.

Accordingly, the judgment of the district court hereby is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk