■ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [908 NYS2d 751]—

Appeal from a judgment of the Supreme Court (Donohue, J.), entered July 24, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

As a result of multiple cell searches and an incident in which he allegedly threatened a facility employee, petitioner was served with two misbehavior reports charging him with various prison disciplinary rule violations. A tier III disciplinary hearing was held to address both reports, after which petitioner was found guilty of making threats, tampering with property, possessing property in an unauthorized area and improperly using mess hall utensils. On administrative review, the determination was affirmed with a modification to the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination of guilt. Supreme Court dismissed the application, finding petitioner's procedural contentions to be either unpreserved or without merit. Petitioner appeals and we affirm.

With regard to petitioner's contention that the Hearing Officer improperly denied his right to introduce a videotape of the incident in which he was accused of threatening an employee, we note that the record demonstrates that no such videotape existed (*see Matter of Parker v Fischer*, 70 AD3d 1086, 1087 [2010]; *Matter of Vigliotti v Duncan*, 10 AD3d 776, 777 [2004], *lv dismissed* 4 NY3d 738 [2004]). Petitioner was not impermissibly denied the right to call the deputy superintendent as a witness as the record shows that she testified at the hearing and petitioner was allowed to question her. Petitioner's contention that he was improperly denied the right to call the nurse administrator as a witness is unpreserved for our review by his

failure to object at the hearing (*see Matter of Cornwall v Fischer*, 74 AD3d 1507 [2010]; *Matter of McIver v Goord*, 37 AD3d 943, 945 [2007]). Finally, our review of the record confirms that the determination was the result of the evidence presented against petitioner, rather than any alleged hearing officer bias (*see Matter of Sital v Fischer*, 73 AD3d 1348 [2010]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.