██ In the Matter of RAMAL DAVIS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [920 NYS2d 916]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer was standing in front of petitioner's cell delivering a food tray when petitioner threw the tray back at the officer causing the contents to spill all over him. Petitioner then proceeded to shove the officer in an attempt to exit his cell, at which point the officer pushed the inmate to the back of the cell until assistance arrived and petitioner was placed in mechanical restraints. As a result of this incident, petitioner was charged in a misbehavior report with assaulting staff, wasting food, committing an unhygienic act and engaging in violent conduct. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. The determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence consisting of the misbehavior report, testimony of the correction officer who authored it and related documentation supports the determination of guilt (*see Matter of Cruz v Goord*, 41 AD3d 1122, 1122-1123 [2007]; *Matter of Vines v Goord*, 19 AD3d 951, 952 [2005]). Petitioner's claim that the report was written in retaliation for a prior complaint that he had made about a correction counselor presented a credibility issue for the Hearing Officer to resolve (*see Matter of West v Fischer*, 73 AD3d 1301, 1301 [2010]; *Matter of Smith v Fischer*, 60 AD3d 1230 [2009]). Moreover, while the Hearing Officer referenced a videotape of a different incident in his disposition, this error does not require annulment of the determination given that such videotape was irrelevant to the charges at issue and it was established at the hearing that no videotape of the incident in question existed (*see Matter of Bridgeforth v Fischer*, 78 AD3d 1401, 1401-1402 [2010]; *Matter of Tafari v Selsky*, 77 AD3d 992, 992 [2010], *lv dismissed* 16 NY3d 783 [2011]).

Petitioner's remaining contentions have been considered and are lacking in merit.

Spain, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.