10-4008-pr
Austin v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

Kenrick Austin,

> *Plaintiff-Appellant*,

> v.                                                              10-4008-pr

Brian Fischer, Commissioner, Jose Pico, C.H.O., L. Gonzalez, C.O.,

> *Defendants-Appellees*,

_____

FOR PLAINTIFF-APPELLANT:        Kenrick Austin, *pro se*, Malone, NY.

FOR PETITIONER-APPELLEE:        Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Marion S. Buchbinder, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kenrick Austin *pro se*, appeals the district court's judgment granting the Appellees' Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e construe notices of appeal liberally, taking the parties' intentions into account," *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256 (2d Cir. 1995), especially with respect to *pro se* litigants. *See Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997). However, pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must "designate the judgment, order, or part thereof being appealed." Our jurisdiction "depends on whether the intent to appeal from [the] decision [at issue] is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007); *see also Shrader*, 70 F.3d at 256 (stating that, where a notice of appeal "fail[s] to mention" a specific order, we are "bar[red] from considering" an appellate challenge to that order). The requirements set forth in Fed. R. App. P. 3 and 4 are jurisdictional in nature and, as a result, cannot be waived. *See Bowles v. Russell*, 551 U.S. 205, 208–09 (2007) (regarding Rule 4); *City of New York v. Smokes–Spirits.com, Inc.*, 541 F.3d 425, 452 (2d Cir. 2008) (regarding Rule 3), *overruled on other grounds by Hemi Group, LLC v. City of N.Y.*, ___ U.S. __, 130 S. Ct. 983, 994 (2010).

Here, Austin's brief challenges both the district court's January 2010 order denying his motion for a default judgment and a 2010 order and judgment granting the Appellees' motion to

2

dismiss. The Appellees argue, however, that we lack jurisdiction to consider Austin's arguments relating to the January 2010 denial of his default judgment motion because his notice of appeal contained no reference to that order. We agree. Austin's lengthy August 2010 notice of appeal addressed only the district court's August 2010 dismissal of his amended complaint and made no mention of the January 2010 decision. Moreover, neither the district court's August 11, 2010 order granting the motion to dismiss nor its August 13, 2010 judgment made reference to the January 2010 order. There is thus no information in Austin's notice of appeal that would permit an inference that he intended to appeal the January 2010 order denying his motion for a default judgment. *See New Phone Co. v. City of N.Y.*, 498 F.3d 127, 131 (2d Cir. 2007). Accordingly, we lack jurisdiction to consider his arguments challenging that order.

For the first time on appeal, the Appellees maintain that Austin is precluded from raising three of the issues in his amended complaint by a February 2010 decision dismissing his petition filed pursuant to Article 78 of the New York State Civil Practice Laws and Rules. *See Austin v. Fischer*, 70 A.D.3d 1074 (3d Dep't 2010). Issue preclusion, or collateral estoppel, is an affirmative defense that "normally must be pled in a timely manner or it may be waived." *Curry v. City of Syracuse*, 316 F.3d 324, 330-31 (2d Cir. 2003); *see also* Fed. R. Civ. P. 8(c) (listing estoppel as an affirmative defense). The purpose of requiring the defense to be pled in a timely manner "is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." *Curry*, 316 F.3d at 331 (quoting *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). Here, the Appellate Division's decision upon which the Appellees base their preclusion argument was issued in February 2010, some six months before the district court rendered its decision in

3

Austin's § 1983 case. *See Austin*, 70 A.D.3d at 1074. The Appellees, however, did not assert the defense until their brief on appeal to this Court, which was filed in July 2011. The Appellees' failure to assert this affirmative defense until such a late stage in the litigation, particularly when Austin has not been provided with an opportunity to respond, constitutes a waiver of that defense. *Cf. Totalplan Corp. of Am. v. Colborne*, 14 F.3d 824, 832 (2d Cir. 1994) ("Because res judicata is an affirmative defense, it should have been asserted as soon as it was available . . . . Appellees' failure to raise res judicata until appeal constitutes waiver of that defense.") (internal citations omitted)). We therefore review all the claims raised in Austin's amended complaint on the merits.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6). *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under Rule 12(b)(6), the Court construes the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft*, 129 S. Ct. at 1949. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, while *pro se* complaints must contain sufficient factual allegations to meet the

plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court should look

for such allegations by reading the complaint with "special solicitude" and interpreting it to raise

the strongest claims it suggests. *Triestman*, 470 F.3d at 474-75 (quoting *Routolo v. I.R.S.*, 28

F.3d 6, 8 (2d Cir. 1994)).

We have conducted a *de novo* review of the record in light of these principles. We affirm

for substantially the same reasons as those stated by the district court in its August 11, 2010

opinion and order. The district court properly concluded that Austin's allegations that the

defendants violated state regulations during his disciplinary hearing do not give rise to a § 1983

due process claim. *See Blouin v. Spitzer*, 356 F.3d 348, 363 (2d Cir. 2004) ("[F]ederal law, not

state regulations, determines the procedures necessary to protect that liberty interest."); *Holcomb

v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected

due process entitlements to specific state-mandated procedures.").

We have considered all of Austin's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5