12-1636-pr
Kotler v. Donelli

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand thirteen.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges,
          JOHN F. KEENAN,
                    District Judge.$^{*}$

- - - - - - - - - - - - - - - - - - - - - - - - -x

KERRY KOTLER,

                    Plaintiff-Appellant,

          -v-                                        12-1636-pr

JOHN DONELLI, Superintendant, Bare Hill
Correctional Facility, L. JUBERT, Deputy
Superintendant of Security, W. DANN,
Correction Sergeant, DARWIN DAILY,
Corrections Officer, DAVID CHARLAND,
Corrections Officer,

                    Defendants-Appellees,

LINDA TURNER, Deputy Superintendant of
Programs, THOMAS EAGEN, Director, Inmate
Grievance Programs, DONALD SELSKY, Director,
Special Housing/Inmate Discipline,

                    Defendants.$^{**}$

- - - - - - - - - - - - - - - - - - - - - - - - -x

---

$^{*}$       The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

$^{**}$      The Clerk of the Court is directed to amend the official caption to conform to the above.  Defendants Linda Turner, Thomas Eagan, and Donald Selsky were dismissed with prejudice, pursuant to the parties' stipulation. See Stipulation and Order of Discontinuance, Kotler v. Donelli, No. 06-CV-1308 (N.D.N.Y. Oct. 20, 2010), ECF No. 51.

FOR PLAINTIFF-APPELLANT:        Kerry Kotler, pro se, Riverhead, New York.

FOR DEFENDANTS-APPELLEES:        Andrew B. Ayers, Assistant Solicitor General, for Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, and Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for trial.

Plaintiff-appellant Kerry Kotler appeals pro se from the district court's March 30, 2012 judgment, entered pursuant to a memorandum decision and order filed the same day, and from the memorandum decision and order filed September 5, 2012, denying Kotler's motion for reconsideration. Defendants-appellees moved for summary judgment on the basis of collateral estoppel, contending that a decision of the Appellate Division, Third Department, rejecting Kotler's Article 78 proceeding is preclusive of his claims in this action. The district court granted the motion. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review the district court's grant of summary judgment de novo, drawing all reasonable inferences and

resolving all ambiguities in favor of the non-movant." Singer v. Ferro, 711 F.3d 334, 338 (2d Cir. 2013) (quotation omitted). We conclude that the district court erred in granting summary judgment because Kotler's claims are not barred by collateral estoppel.

Kotler was an elected inmate representative on the grievance committee at the Bare Hill Correctional Facility. Prison officials considered Kotler's behavior on the committee to be overly adversarial. On November 1, 2003, pursuant to an anonymous note, corrections officers searched Kotler's cell and allegedly discovered a weapon. Following a disciplinary hearing, in which Kotler insisted that someone else must have planted the weapon, the hearing officer concluded that the weapon belonged to Kotler and, inter alia, banned him from serving on the grievance committee for three years. Kotler, pro se, sought review in an Article 78 proceeding. Despite inconsistencies in the corrections officer's testimony, the Third Department concluded that there was substantial evidence supporting the disciplinary determination, based primarily on "the reasonable inference . . . that the shank, found in an area within [Kotler's] control, belonged to him." Kotler v. Goord, 792 N.Y.S.2d 740, 741 (3d Dep't 2005).

With the aid of counsel, Kotler then filed this section 1983 action, alleging that prison officials had planted the weapon to retaliate against him for his conduct on the grievance committee. Discovery uncovered correspondence between defendant-appellee John Donelli and defendant Thomas Eagan, in which Donelli sought a way to remove Kotler from the committee and ban him from future elections, and Eagan advised Donelli that a Tier III disciplinary determination was one of the only ways to accomplish that. Eagan sent his email on October 27, 2003, only a few days before the weapon was allegedly discovered on November 1. Kotler also presented evidence that after his disciplinary hearing, the hearing officer told him off-the-record that, "When the boss says get rid of you, I got to get rid of you."

In an earlier decision, the district court granted summary judgment dismissing the case on the merits. Kotler appealed and we vacated the dismissal. We held that Kotler presented evidence "sufficient to raise a genuine issue of fact as to whether one or more of the defendants retaliated against Kotler for his protected activities." Kotler v. Donelli, 382 F. App'x 56, 58 (2d Cir. 2010) (summary order). On remand, the district court permitted defendants-appellees to amend their

answer to assert the defense of collateral estoppel and then granted summary judgment to defendants-appellees on that basis.

The issue in this appeal is whether the disciplinary determination that the weapon belonged to Kotler collaterally estops him from proving that the prison officials actually planted that weapon. "New York courts apply collateral estoppel, or issue preclusion, 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.'" LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (quoting Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 349 (1999)).  In considering whether a party had a full and fair opportunity to litigate, we consider

> 'the various elements which make up the realities of litigation,' . . . including 'the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in applicable law and foreseeability of future litigation.'

Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 734 (2d Cir. 2001) (quoting Schwartz v. Pub. Adm'r of Bronx, 24 N.Y.2d 65, 72 (1969)).

As the district court correctly noted, New York generally does grant preclusive effect to both factual questions and legal issues reviewed in Article 78 proceedings. See Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 349-50 (1999). But we have noted that "there is a substantial question as to whether, under New York law, collateral estoppel should ever apply to fact issues determined in a prison disciplinary hearing and reviewed for substantial evidence in an Article 78 proceeding, given the 'procedural laxity' of such prison hearings and the limited nature of substantial-evidence review." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995) (citations omitted and emphasis added). Cf. Giakoumelos v. Coughlin, 88 F.3d 56, 60 (2d Cir. 1996) (concluding that preclusive effect does apply to legal issues).

We need not answer the broad question of whether collateral estoppel should ever apply to factual determinations made in a prison disciplinary proceeding. "The doctrine of collateral estoppel 'is grounded on concepts of fairness and should not be rigidly or mechanically applied.'" LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002) (quoting D'Arata v. N.Y. Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659, 664 (1990)). "New York courts have on numerous occasions stressed the importance of an analysis of each case's unique circumstances, rather than

- 6 -

the rigid application of bright-line rules, in deciding the preclusive effect of a prior judgment." Giakoumelos, 88 F.3d at 61. Considering all the circumstances presented here, we conclude that Kotler did not have a full and fair opportunity to litigate this issue in the prior proceeding.

First, as noted in Colon, prison disciplinary hearings are more procedurally lax than other administrative hearings. Most cases granting preclusive effect to factual findings reviewed in Article 78 proceedings arise in the context of civil servant disciplinary hearings. See, e.g., Parker, 93 N.Y.2d at 346-47 (firefighter); Genova v. Town of Southampton, 776 F.2d 1560, 1561 (2d Cir. 1985) (per curiam) (police officer). Civil servants have greater procedural protections in such hearings, such as the right to counsel. See N.Y. Civ. Serv. L. § 75(2). Prisoners, on the other hand, merely have a right, in certain circumstances, to assistance from a prison employee and a restricted right to call witnesses. See N.Y. Comp. Codes R. & Regs. Tit. 7, §§ 251-4.1, 253.4, 253.5. Here, Kotler was placed in a special housing unit immediately after the weapon was found and thus had little opportunity to investigate his claims before the disciplinary hearing began four days later.

Second, there is critical evidence available to Kotler now that was unavailable at the disciplinary hearing or in the

Article 78 proceeding. Kotler could only speculate during the disciplinary hearing as to whether someone else had planted the weapon, and the Third Department denied Kotler's request for discovery in the Article 78 proceeding. See Kotler v. Goord, 5 N.Y.3d 755, 755 (2005). With the benefit of discovery in this action, Kotler has uncovered evidence demonstrating that Donelli wanted to remove Kotler from the grievance committee and was advised, just days before the weapon was found, that he could only do so if Kotler was found to have committed an infraction after a disciplinary hearing. Combined with the other evidence, there is now a genuine dispute as to whether prison officials planted the weapon found in Kotler's cell.

Finally, it would be inappropriate to defer to the hearing officer's factual findings in this case. That officer is now a defendant in this action and he allegedly told Kotler off-the-record, "When the boss says get rid of you, I got to get rid of you." Even though the Third Department reviewed and affirmed those findings, it only reviewed the record for "substantial evidence," without considering the new evidence available in this action. See Kotler, 792 N.Y.S.2d at 741. While "a shift in the burden of proof is not dispositive as to whether collateral estoppel can be applied," see Kosakow, 274 F.3d at 732 (referring to the differing burdens of proof in

- 8 -

criminal and civil proceedings), it is relevant here because there was no evidence that the weapon had been planted at the time of the Article 78 proceeding.  Now, however, there is "sufficient [evidence] to raise a genuine issue of fact." Kotler, 382 F. App'x at 58.  Cf. Giakoumelos, 88 F.3d at 61 (explaining that collateral estoppel was appropriate because the federal district court "would have before it essentially the same record . . . that the Appellate Division had before it"). A jury verdict in favor of Kotler, based on a preponderance of the evidence now available, would not cast doubt on the Third Department's determination that there was substantial evidence supporting the hearing officer's findings at the time of the hearing.

Weighing all of these factors, we conclude that the district court erred by granting summary judgment on defendants-appellees' collateral estoppel defense.  In these circumstances, Kotler did not have a full and fair opportunity to litigate this issue in the prior proceeding and he should have a chance now to present all of the evidence to a jury.

We have considered defendants-appellees' remaining arguments and find them to be without merit.  We deny as moot Kotler's motion for an extension of time to file his reply brief and his challenges to the orders granting leave to amend and

denying his motion for reconsideration.  Accordingly, we **VACATE** and **REMAND** for trial and for such further proceedings as may be appropriate in the circumstances and not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk