■ In the Matter of DARIUS GITTENS, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 16, 1991 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner is an inmate of Shawangunk Correctional Facility in Ulster County. On March 27, 1990, correction officers found a map in a folder under petitioner's mattress during a routine search. The map was a drawing of the surrounding areas of the facility depicting routes and major roadways, community areas and other places. A misbehavior report was issued charging petitioner with, *inter alia,* possession of contraband in violation of inmate rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]). At a tier III hearing, petitioner pleaded not guilty to the charge and asserted that he had no notice that possession of a map was a rule violation. At the conclusion of the hearing, petitioner was found guilty of possessing contraband. The disposition was subsequently affirmed administratively, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court found that the map possessed by petitioner was not authorized by the Superintendent or a designee and was, therefore, contraband. This appeal by petitioner ensued. We affirm.

Petitioner's contention that he did not have sufficient notice that possession of the map was a rule violation is without merit. Generally, correction officials have the right and duty to control the property and possessions within the prison under their supervision (see, Matter of Blades v Twomey, 159 AD2d 868, 869). Where facility rules have been implemented by correction officials to exercise their right to control the possession of property within their prison, such rules must be specific and precise, giving all inmates actual notice of the conduct prohibited (see, Correction Law § 138 [3]). Rule 113.23 states that "[i]nmates shall not be in possession of any contraband * * *. *Contraband* is any article that is not authorized by the superintendent or designee" (emphasis in original).

In the instant proceeding, petitioner's assertion that possession of a map was permissible in the absence of a rule to the contrary directly contradicts the plain wording of rule 113.23. Rule 113.23 notified petitioner that he was not to be in possession of any article, such as his map, unless the facility's Superintendent or a designee authorized possession of the item. There is no evidence in the record that the Superintendent or his designee gave petitioner permission to possess the map found in his prison cell. In the absence of proper authorization, petitioner was on notice that any article, including his map, discovered in his possession constituted contraband. Accordingly, we find that rule 113.23 gave petitioner the requisite notice pursuant to Correction Law § 138 (3) (cf., *Matter of Shakoor v Coughlin,* 165 AD2d 917, 919, *appeal dismissed* 77 NY2d 866; *Matter of Witherspoon v LeFevre,* 82 AD2d 959, 960, *lv denied* 54 NY2d 606, *appeal dismissed* 54 NY2d 829). Moreover, the fact that petitioner secreted the map under his bed is evidence that he knew the article in question constituted contraband.

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.