■ In the Matter of TYHEEM MILLS, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [648 NYS2d 199] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The determination that petitioner possessed unauthorized organizational materials in violation of inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii]) is not supported by substantial evidence (*see generally, People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner contends that the materials are not unauthorized Five Percenter materials, but

instead are authorized materials of his Muslim religion explaining the difference between his religion and that of the Five Percenter sect. The Hearing Officer made no determination in that respect, but deferred to the judgment of the Imam at the correctional facility. On the administrative appeal, the Superintendent's designee concluded that the determination should have been made by the correctional facility's Media Review Committee. It appears from the record that there has been no determination that the materials are unauthorized. We modify the determination, therefore, by annulling that part finding petitioner guilty of violating inmate rule 105.12 and directing that all entries in petitioner's record relating thereto be expunged, and we remit the matter to respondent for the imposition of an appropriate penalty on the remaining violations.

The determination that petitioner violated inmate rule 113.20 (7 NYCRR 270.2 [B] [14] [xi]) and must pay for the unauthorized alteration of State-issued clothing is supported by substantial evidence.

The misbehavior report constitutes substantial evidence that petitioner possessed an employee manual in violation of inmate rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]), which prohibits possession of contraband, and defines contraband as any article not authorized by the Superintendent or designee (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner argues that he had been allowed to possess the employee manual at a different correctional facility, he does not contend that possession of the manual had been authorized by the Superintendent at this correctional facility (*see, Matter of Jenkins v Senkowski*, 221 AD2d 779; *Matter of Gittens v Coughlin*, 184 AD2d 812, 813). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.