■ In the Matter of LARRY SIETESKI, Petitioner, v LIEUTENANT DiBIASE, as Disciplinary Hearing Officer, Great Meadow Correctional Facility, et al., Respondents. [661 NYS2d 314] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty of possessing contraband after a search of his cell divulged six maps. The misbehavior report together with petitioner's admission that he possessed the maps provide substantial evidence to support the finding of guilt (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). Although petitioner contends that he was permitted to possess the maps at a different correctional facility, the record fails to establish that his possession thereof was authorized by the Superintendent at Great Meadow (*see, Matter of Jenkins v Senkowski,* 221 AD2d 779; *Matter of Gittens v Coughlin,* 184 AD2d 812, 813). As such, the maps were properly characterized as contraband (*see,* 7 NYCRR 270.2 [B] [14] [xiv]). Petitioner's contention that he was unaware that the possession of the maps was prohibited is equally without merit (*see, Matter of Jenkins v Senkowski, supra*).

We find petitioner's contention that the determination should be annulled due to various procedural errors to be unpersuasive. There is no evidence to support petitioner's claim that the Hearing Officer conducted an off-the-record discussion with the facility's Superintendent. In any event, even if the conversation took place, petitioner failed to show that any prejudice resulted therefrom (*see generally, Matter of Beckford v Coombe,* 233 AD2d 734). Petitioner's remaining contentions have been examined and found to be either without merit or unpreserved for our review.

Crew III, White, Casey and Spain, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.