■ In the Matter of EDWARD VAN STEENBURG, Appellant, v HANFORD C. THOMAS, as Deputy Superintendent of the New York State Police, et al., Respondents. [661 NYS2d 317] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 7, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

In August 1994 petitioner made a request under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for records, reports and logs pertaining to the State Police investigation in connection with his arrest, indictment and conviction of the crimes of, *inter alia,* kidnapping, rape and escape (*see, People v Van Steenburg,* 221 AD2d 799, *lv denied* 87 NY2d 978). Access to portions of the investigative reports was denied on October 4, 1994 on the ground that they were exempt from disclosure because they contained criminal investigative techniques and procedures and, if released, would constitute an unwarranted invasion of the personal privacy of those involved.

In May 1996, petitioner made a second FOIL request for, among other things, the previously denied reports, notes and log entries made by police in connection with the investigation of petitioner's crimes and arrest. Petitioner was, *inter alia,* informed that because such documents were previously requested and denied on October 4, 1994, his current request for these documents would not be considered. Thereafter, petitioner's request for reconsideration was denied, as was his subsequent administrative appeal. Petitioner commenced this CPLR article 78 proceeding to review the denial of his May 1996 FOIL request for the above-mentioned information. Supreme Court granted respondents' motion to dismiss the proceeding as untimely and this appeal ensued.

We agree with Supreme Court that this proceeding is a belated attempt to appeal the October 4, 1994 denial of access to information and is therefore barred by the Statute of Limitations. Upon reviewing the FOIL requests, we reject petitioner's contention that he sought different information than requested initially. To the extent that petitioner contends that he administratively appealed the denial of his first FOIL request, notwithstanding respondents' position that no such appeal was ever received, we note that upon respondents' failure to address the administrative appeal within 10 days (*see,* Public Officers Law § 89 [4] [a]), petitioner was deemed to have exhausted his administrative remedies, thereby enabling him to seek judicial review of the denial thereof and commencing the four-month Statute of Limitations period for a CPLR article 78 proceeding (*see,* CPLR 217; *see generally, Matter of DeCorse v City of Buffalo,* 239 AD2d 949; *Matter of Floyd v McGuire,* 87 AD2d 388, 390). Consequently, Supreme Court's dismissal of the proceeding is affirmed. Given our conclusion, we need not address petitioner's remaining contentions.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.