■ In the Matter of RAY ROSS, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Cor-

rectional Services, Respondent. [694 NYS2d 492] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing petitioner, a prison inmate, was found guilty of possessing contraband, being under the influence of alcohol, lying and being in violation of temporary release rules. These charges stemmed from an incident occurring on March 29, 1998 when, upon petitioner's return from a temporary release program, two correction officers searched petitioner's cube, and in the course of doing so, noticed an overwhelming smell of alcohol. Petitioner also admitted that he had been drinking. Additionally, in the course of searching the cube, one of the correction officers discovered a bath oil bead in the back of a drawer, which petitioner claimed he had obtained at a different correctional facility. Although petitioner told a correction sergeant that he had not been drinking alcohol, a breathalyser test conducted by the correction sergeant showed a reading of .04. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding.

We confirm. The two detailed misbehavior reports, combined other evidence adduced at the hearing, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Petitioner's argument that he could not be found guilty of using alcohol in the absence of a confirmatory urinalysis test is without merit as the observations of the correction officers and the facility nurse were, standing alone, sufficient to support the determination (*see, Matter of Eckert v Selsky*, 247 AD2d 728, 729). Notably, petitioner's denials of wrongdoing merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). With respect to the contraband charge, we note that even assuming that the bath oil bead was properly purchased at a different facility, there is no evidence that this item was authorized at the facility where petitioner was incarcerated at the time the misbehavior report was written (*see, Matter of Mills v Coombe*, 231 AD2d 923, 924; *Matter of Gittens v Coughlin*, 184 AD2d 812). Petitioner's remaining contentions have been examined and found to be unpersuasive.

Mikoll, J. P., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.