■ In the Matter of JERRY HUGHES, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [750 NYS2d 798] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 14, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to obtain judicial review of an administrative determination finding him guilty of violating the prison disciplinary rules prohibiting possession of outdated medication* and possession of contraband, i.e., a personal notebook containing his handwritten list of the names and social security numbers of three correction officers. At his disciplinary hearing, petitioner testified that he had obtained this information approximately two years earlier, pursuant to a Freedom of Information Law request that he had filed while acting as the legal assistant of an inmate who was bringing assault charges against the correction officers in question. Petitioner stated that he had retained the information in case the officers chose to retaliate against him, necessitating his filing of additional charges for which he would need their names and social security numbers. Following the determination of his guilt, petitioner commenced this CPLR article 78 proceeding in Supreme Court where it was ultimately dismissed.

On this appeal, petitioner contends that Supreme Court erred by failing to annul the determination of his guilt on the ground that he lacked sufficient notice of what constitutes

---

* Petitioner does not take issue on this appeal with this part of the determination.

"contraband," given the overly vague language of inmate rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]), which defines "contraband" as "any article that is not authorized by the superintendent or designee." We find this language sufficient to have placed petitioner on notice that he would be in violation by retaining personal information regarding correction officers at least two years after he could have held any reasonable belief that he was authorized to possess it (*see Matter of Gittens v Coughlin*, 184 AD2d 812, 813). Petitioner's professed ignorance of this rule does not dictate a contrary result (*see Matter of Sieteski v DiBiase*, 242 AD2d 753; *Matter of Jenkins v Senkowski*, 221 AD2d 779). The remaining contentions raised herein have been reviewed and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs, and petition dismissed.