■ In the Matter of JOHN COLLUCCI, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [758 NYS2d 549] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 2, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting noncompliance with urinalysis testing procedures after he failed to submit a urine sample within three hours. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

Contrary to petitioner's contention, the misbehavior report and the testimony at the hearing, including that of petitioner, provide substantial evidence to support the determination of guilt (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]). We reject petitioner's contention that the few drops of urine that he provided in the specimen bottle were sufficient to satisfy the disciplinary rule. Although the regulation does not specifically state the amount of urine required for a testable sample (*see* 7 NYCRR part 1020), the correction officer who authored the misbehavior report testified that he was a qualified SYVA-ETS drug tester and the amount of urine provided by petitioner did not constitute a sufficient amount needed for urinalysis testing. Furthermore, there is no indication that the Hearing Officer's off-the-record discussion with the correction officer prior to his testimony, wherein the Hearing Officer apparently asked that the correction officer bring a specimen cup to the hearing, was prejudicial to petitioner or influenced the outcome of the hearing (*see generally Matter of Steward v Selsky*, 266 AD2d 605 [1999]; *Matter of Sieteski v Dibiase*, 242 AD2d 753 [1997]; *Matter of Collazo v Coombe*, 235 AD2d 654 [1997]), particularly where petitioner had an opportunity to question the correction officer at the hearing. Petitioner's remaining contentions, to the extent that they are preserved for our review, have been found to be without merit.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.