In the Matter of GEORGE CHAVIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[777 NYS2d 918]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review five determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in six misbehavior reports with violating prison disciplinary rules by displaying threatening and harassing behavior toward prison and judicial officials on six separate occasions in 2002 and 2003. Following five tier II and tier III hearings, one of which resolved two of the misbehavior

reports, he was found guilty of all charges. Petitioner commenced this CPLR article 78 proceeding challenging all five determinations. Supreme Court granted respondent's motion to dismiss the petition on procedural grounds with respect to three of the determinations, and transferred the proceeding to this Court to resolve the substantial evidence issues raised by the two determinations rendered in January 2003 (*see* CPLR 7804 [g]; *Matter of Rossi v Portuondo*, 275 AD2d 823 [2000], *lv denied* 96 NY2d 703 [2001]).

We now confirm. Initially, we agree with Supreme Court that petitioner's challenge to the determination rendered July 26, 2002 is time-barred because petitioner failed to file his verified petition within the relevant four-month statute of limitations period (*see Matter of Morales v Selsky*, 288 AD2d 805, 806 [2001]). Petitioner's explanation that prison officials intentionally hampered his attempts to file on time finds no support in the record. We also discern no error in Supreme Court's dismissal of that portion of the petition challenging the determinations rendered September 5, 2002 and November 12, 2002; as the record reveals that petitioner never pursued an administrative appeal for either determination, he is foreclosed from seeking judicial review thereof in a CPLR article 78 proceeding (*see Matter of Green v Ricks*, 304 AD2d 1010, 1011 [2003], *lv denied* 100 NY2d 509 [2003], *cert denied sub nom. Green v Girdich*, — US —, 124 S Ct 1181 [2004]). Were we to nonetheless consider the merits of petitioner's claims, we would find that both determinations are supported by substantial evidence and, further, that petitioner's additional claim of hearing officer bias and his assertion that he was not provided with a written disposition of the November 12, 2002 determination are not borne out by the record (*see id.* at 1011; *Matter of Johnson v Goord*, 297 AD2d 881, 882 [2002]; *Matter of Goncalves v Goord*, 290 AD2d 610, 611 [2002]).

Turning to the January 2003 determinations, which found petitioner guilty of displaying harassing and threatening conduct toward a facility nurse, we find that the misbehavior reports and petitioner's own correspondence provide substantial evidence supporting petitioner's guilt (*see Matter of Goncalves v Goord, supra* at 611; *Matter of Burgess v Goord*, 269 AD2d 722, 722-723 [2000]). Inasmuch as the hearing transcripts reveal that the hearings were conducted in a fair and impartial manner, we reject petitioner's contention that the Hearing Officer should have recused himself because he was named by petitioner, along with numerous other prison officials, as a defendant in an unrelated federal action (*see Matter of Joyce v Goord*, 246 AD2d 926, 927-928 [1998]; *Matter of Grant v Senkowski*, 146 AD2d

948, 950 [1989]). To the extent that petitioner's remaining claims are properly before us, they are rejected as lacking in merit.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.