■ In the Matter of HERBERT BURGESS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [823 NYS2d 312]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit unauthorized possession of a controlled substance and smuggling after he enclosed a quantity of heroin in separate letters mailed to the Governor and the United States Department of Justice Drug Enforcement Administration in an alleged effort to expose a drug-selling operation within the correctional facility involving inmates and correction officers. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report and petitioner's acknowledgment that he wrote the letters and enclosed the heroin, together with the testimony of the correction officer who investigated the incident and authored the misbehavior report, provide substantial evidence to support the determination of guilt (*see Matter of Wright v Goord*, 19 AD3d 855, 855 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Benton v Couture*, 269 AD2d 642, 643 [2000]), regardless of petitioner's motivation in sending the letters. Furthermore, we reject petitioner's contention that the Hearing Officer was precluded from presiding at the disciplinary hearing because he was named by petitioner as a defendant in a pending federal lawsuit (*see Matter of Chavis v Goord*, 8 AD3d 786, 787-788 [2004]; *Matter of Grant v Senkowski*, 146 AD2d 948, 949-950 [1989]; *see also* 7 NYCRR 254.1). In any event, the record establishes that petitioner was afforded a fair and impartial hearing and that the outcome of the hearing flowed from the evidence presented, not from any alleged bias on the part of the Hearing Officer (*see Matter of Santana v Selsky*, 23 AD3d 722, 723 [2005]; *Matter of Di Rose v Coombe*, 233 AD2d 799, 801 [1996]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.