■ In the Matter of NICHOLAS LIAKIS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [857 NYS2d 751]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Contrary to petitioner's assertion, the underlying misbehavior report is sufficient to support the finding that petitioner violated urinalysis testing procedures by failing to provide a urine sample within the time allotted when ordered to do so by facility personnel (*see Matter of Levy v Goord*, 22 AD3d 929 [2005]). Petitioner also acknowledged his failure to provide a sample within the three-hour time period. To the extent that petitioner contends that he takes prescription medication that interferes with his ability to urinate, we need note only that the record as a whole does not substantiate his claim. To be sure, the documentation offered by petitioner and the testimony of a facility nurse establishes that an inability to urinate is one of the possible side effects of the medication petitioner has been prescribed. However, petitioner acknowledged at the tier III disciplinary

hearing that he neither mentioned this issue to the medical personnel nor requested a sick call at the facility where this incident occurred, and the portion of petitioner's medical file reviewed at the hearing makes no mention of his alleged difficulties in this regard. Hence, without proper supporting documentation, petitioner's assertions presented a credibility issue for the Hearing Officer to resolve (*see Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]; *Matter of Cruz v Goord*, 302 AD2d 816 [2003]). Finally, we reject petitioner's claim that he was denied relevant witnesses at the hearing, as the transcript thereof reflects that he did not request any witnesses.

Peters, J.P., Rose, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.