■ In the Matter of JOHNNY PERTILLAR, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [881 NYS2d 917]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was served with a misbehavior report based upon his possession of an investigative memorandum that had been prepared by facility staff pertaining to one of his past grievances. The memorandum had been supplied to petitioner by another inmate who worked in the facility's grievance office. The misbehavior report charged petitioner with extortion, steal-

ing, possession of stolen documents and unauthorized possession of a facility document. Following a tier III disciplinary hearing, petitioner was found not guilty of extortion and guilty of the three remaining charges. Upon administrative appeal, respondent reversed that part of the determination that found petitioner guilty of stealing and reduced the assessed penalties accordingly. Petitioner then commenced this CPLR article 78 proceeding, seeking to challenge that part of respondent's determination that affirmed the remainder of the Hearing Officer's findings.

Initially, we find that the misbehavior report, related documentation and hearing testimony, including petitioner's admission that he possessed the documents alleged, provide substantial evidence to support the determination of guilt (*see Matter of Reynoso v Fischer*, 55 AD3d 1201 [2008], *appeal dismissed* 11 NY3d 916 [2009]; *Matter of Garner v Selsky*, 47 AD3d 1167, 1168 [2008]). Petitioner's contention that he did not know that he was in violation of the rules for having possessed the investigative report appears to be based on the assertion that the pertinent regulation is vague and unclear. However, we find that it is undisputed that the investigative memorandum is a "departmental document" and that petitioner was not authorized to have it in his possession (*see* 7 NYCRR 270.2 [B] [17] [iii]). Furthermore, we find that the determination that petitioner was in possession of stolen property is supported by the fact that he received the report from another inmate, who petitioner acknowledged had been punished for having supplied the information (*see* 7 NYCRR 270.2 [B] [17] [iv]). Thus, petitioner's professed ignorance that this rule covered the document in his possession does not absolve him from guilt (*see Matter of Hughes v Goord*, 300 AD2d 789, 790 [2002]). Finally, petitioner's contention that he received the misbehavior report in retaliation for the filing of past grievances presented a credibility issue for the Hearing Officer to resolve (*see Matter of Washington v Napoli*, 61 AD3d 1243, 1243 [2009]; *Matter of Belot v Selsky*, 56 AD3d 911, 912 [2008]).

Cardona, P.J., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.