■ In the Matter of CEDRIC PARTEE, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [890 NYS2d 139]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After an investigation indicated that petitioner had participated in a fight with another inmate, petitioner was charged in a misbehavior report with violating prison rules prohibiting fighting, engaging in violent conduct and giving false statements or information. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. This determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, the misbehavior report set forth the relevant date, place and time of the incident and was otherwise sufficiently detailed to apprise petitioner of the charges made against him (*see Matter of Williams v Goord*, 31 AD3d 1086, 1087 [2006]; *Matter of Hernandez v Selsky*, 9 AD3d 662, 663 [2004], *appeal dismissed and lv denied* 3 ·NY3d 698 [2004]). Moreover, the determination of guilt was supported by substantial evidence, which included the misbehavior report, related documentary evidence and hearing testimony (*see Matter of Gibson v Fischer*, 56 AD3d 916, 917 [2008]; *Matter of Reddick v Goord*, 43 AD3d 503, 503 [2007]). Petitioner's testimony that he was attacked and suffered his injuries while unconscious presented a credibility determination for the Hear-

ing Officer to resolve (*see Matter of Valerio v Selsky*, 19 AD3d 959, 959 [2005]). Finally, as our review of the record reveals that the disciplinary hearing was conducted in a fair and impartial manner and there is no evidence that the determination of guilt flowed from any alleged bias, we reject petitioner's contention that the Hearing Officer should have recused herself from the proceeding due to petitioner naming her as a defendant in an unrelated lawsuit (*see Matter of Burgess v Goord*, 34 AD3d 948, 949 [2006], *lv denied* 8 NY3d 813 [2007]; *Matter of Chavis v Goord*, 8 AD3d 786, 787 [2004]).

Cardona, P.J., Spain, Kane, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.