■ In the Matter of DANIEL GENIS, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [915 NYS2d 387]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was suspected of using illegal drugs and, as a result, was directed to submit to a urinalysis test. He had difficulty providing a urine specimen although he was given an eight-ounce glass of water to drink each hour over a three-hour period. Petitioner ultimately provided a specimen, but the correction officer who collected it discovered that it was of insufficient quantity to test. Thereafter, petitioner was charged in a misbehavior report with refusing a direct order, failing to comply with urinalysis testing procedures and interfering with an employee. He was found guilty of all of the charges. The determination was later upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of interfering with an employee (*see Matter of Valentino v Bezio*, 72 AD3d 1376, 1376 [2010]). On the other hand, with respect to the charges of refusing a direct order and failing to comply with urinalysis testing procedures, the misbehavior report, documentary evidence and testimony adduced at the hearing provide substantial evidence supporting

the determination of guilt (*see Matter of Credle v Selsky*, 46 AD3d 989, 990 [2007]; *Matter of Levy v Goord*, 22 AD3d 929, 929 [2005]). Although the regulations do not specifically set forth the size of the specimen required (*see* 7 NYCRR part 1020), the certified testing officer stated that there was not enough of the substance provided by petitioner to perform the necessary tests (*see Matter of Collucci v Goord*, 305 AD2d 825, 825 [2003]). Moreover, while petitioner maintained that certain medications he was taking interfered with his ability to urinate and he submitted drug information to substantiate his assertion, the facility physician provided testimony contradicting this claim and indicated that petitioner's medical records did not disclose that he had previously complained about this even though he had been taking the medications for some time (*see e.g. Matter of Moreno v Goord*, 30 AD3d 708, 709 [2006]). Accordingly, this presented a credibility issue for the Hearing Officer to resolve (*see e.g. Matter of Liakis v Selsky*, 50 AD3d 1409, 1410 [2008]). Furthermore, we find nothing in the record to substantiate petitioner's claim that the Hearing Officer should have recused himself or that petitioner was denied a fair and impartial hearing (*see Matter of Partee v Bezio*, 67 AD3d 1224, 1225 [2009], *lv denied* 14 NY3d 702 [2010]; *Matter of Chavis v Goord*, 8 AD3d 786, 787 [2004]). His remaining contentions have either not been preserved for our review or are lacking in merit. Given that we are annulling that part of the determination finding petitioner guilty of interfering with an employee and that a loss of good time was imposed, the matter must be remitted to the Commissioner of Correctional Services for a redetermination of the penalty on the remaining charges (*see Matter of Cespedes v New York State Dept. of Correctional Servs.*, 68 AD3d 1429, 1430 [2009]).

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.