■ In the Matter of SANTO GONZALEZ, Petitioner, v DOMINICK VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [942 NYS2d 686]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

During a random pat frisk, a correction officer found petitioner to be in possession of a toothbrush with two razor blades melted into the handle secreted inside a talcum powder container. Petitioner's cell was then searched and a correction officer discovered that the blades of two state-issued razors found inside the cell had been removed and aluminum foil inserted in their place. As a result, petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and smuggling. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence consisting of the misbehav-

ior report and related documentation, together with the considerable testimony adduced at the hearing, supports the determination of guilt (*see Matter of McGowan v Fischer*, 88 AD3d 1038, 1038 [2011]; *Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). Petitioner's claim that the weapon was planted in retaliation for a prior incident involving a female staff member presented a credibility issue for the Hearing Officer to decide (*see Matter of Lopez v Fischer*, 69 AD3d 1076, 1076 [2010]; *Matter of Holmes v Fischer*, 66 AD3d 1093, 1094 [2009]). In addition, we are not persuaded that the correction counselor was improperly denied as a witness inasmuch as she was not present for the pat frisk or cell search, and her testimony would have been irrelevant to the charges (*see Matter of Lozada v Cook*, 67 AD3d 1232, 1233 [2009], *lv denied* 14 NY3d 706 [2010]; *Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]). Moreover, given that petitioner testified about complaints he made to the counselor concerning alleged retaliation, the counselor's testimony in this regard would have been redundant (*see Matter of Reid v Fischer*, 80 AD3d 1035, 1036 [2011]; *Matter of Williams v Fischer*, 69 AD3d 1278, 1278-1279 [2010]). Petitioner's claim that he was improperly denied two inmate witnesses is also unavailing given that these individuals executed witness refusal forms and were personally interviewed by the Hearing Officer, who ascertained that they had no knowledge of the incident and did not wish to testify (*see Matter of Reynolds v LaClair*, 89 AD3d 1338, 1339 [2011]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, P.J., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.