▮ In the Matter of Luis Rosales, Appellant, v Albert Pratt, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [949 NYS2d 820]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered July 22, 2011 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer confiscated a state-owned pillow that had been ripped open and then resewn. The officer opened the pillow and found three packages containing a brown leafy substance and one package containing a green leafy substance. The brown leafy substance was immediately determined to be tobacco. After testing, the green leafy substance was determined to be marihuana. As a result, petitioner was charged in two misbehavior reports with possessing contraband, possessing a controlled substance and destroying state property. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding and, following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

Initially, petitioner claims that he was denied adequate employee assistance due to his assistant's failure to provide him with certain documentary evidence. The record discloses that the assistant provided petitioner with many of the items he requested. Other items, such as the videotape of a prior search of his cell, did not directly pertain to the incident in question and thus were irrelevant to the charges at issue (*see Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]; *Matter of Thompson v Goord*, 269 AD2d 640, 641 [2000]). Petitioner was also denied copies of complaints he made to the facility Superintendent and

the Commissioner of Corrections and Community Supervision about the two correction officers who previously searched his cell. However, as he was afforded the opportunity to testify regarding the prior complaints and question the two correction officers involved, he has not demonstrated that he was prejudiced in his defense by the claimed omissions by his assistant (*see Matter of Jackson v Goord*, 18 AD3d 973, 974 [2005], *lv denied* 5 NY3d 713 [2005]).

Similarly, we find no merit to petitioner's assertion that he was improperly denied the right to call certain witnesses. The attorney who is representing petitioner in pending litigation against the state and the correction officials who petitioner requested as witnesses at the hearing had no personal knowledge of the incident and, to the extent that their testimony might have been relevant to the issue of retaliation, it would have been redundant in light of petitioner's opportunity to testify regarding his prior complaints (*see Matter of Davis v Prack*, 95 AD3d 1574, 1575 [2012]; *Matter of Gonzalez v Venettozzi*, 94 AD3d 1313, 1314 [2012]). Indeed, petitioner adequately put forth his retaliation defense on the record and it was considered by the Hearing Officer. Petitioner's remaining arguments are either unpreserved for our review or are lacking in merit.

Mercure, J.P., Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.