■ In the Matter of ROBERT CAHILL, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [964 NYS2d 781]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two misbehavior reports with violating various disciplinary rules as a result of separate incidents wherein he became loud and disruptive and refused direct orders to cease. The reports stemmed from comments made by petitioner to the correction officer who was packing his belongings and, thereafter, to the officers who escorted him from the property room back to his cell. Following a tier III disciplinary hearing conducted on both reports,

petitioner was found guilty as charged and the determination was affirmed upon administrative review. Petitioner thereafter commenced this CPLR article 78 proceeding, which was transferred to this Court.*

We have considered, and are largely unpersuaded by, petitioner's contention that he erroneously was deprived of the right to call numerous witnesses. The bulk of the requested witnesses had no firsthand knowledge of the events at issue and, to the extent they had any relevant information regarding petitioner's claim of retaliation, that information was redundant in light of the other evidence submitted on that issue (*see Matter of Rosales v Pratt*, 98 AD3d 764, 765 [2012], *lv denied* 19 NY3d 816 [2012]; *Matter of Williams v Fischer*, 69 AD3d 1278, 1278-1279 [2010]). Petitioner's mental condition was irrelevant to his defense and, as the record reflects that he was lucid at the hearing, the Hearing Officer properly refused to permit testimony on petitioner's mental state (*see Matter of Tafari v Selsky*, 32 AD3d 1055, 1056 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Siao-Pao v Selsky*, 274 AD2d 698, 699 [2000], *lv denied* 95 NY2d 767 [2000]).

We do, however, agree with petitioner that the Hearing Officer erroneously refused to call a correction officer who witnessed petitioner's behavior while being escorted to his cell. Inasmuch as petitioner was deprived of his constitutional right to call a witness with regard to that incident, expungement of the related charges is required (*see Matter of Delgado v Fischer*, 100 AD3d 1171, 1172 [2012]; *Matter of Diaz v Fischer*, 70 AD3d 1082, 1083 [2010]).

Stein, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance, interference with an employee, refusing a direct order and making threats stemming from his behavior while being escorted to his cell; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record, and matter remitted to the Commissioner for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.

---

* No issue of substantial evidence was presented in the petition and, accordingly, the proceeding was improperly transferred. We nevertheless will retain jurisdiction and address the merits in the interest of judicial economy (*see Matter of Dillard v Fischer*, 98 AD3d 761, 761 n [2012]).