■ In the Matter of WILLIAM FERO, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [972 NYS2d 115]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

When a correction officer observed the front of petitioner's prison cell covered by a sheet, she instructed him to remove it. After first resisting, he complied. Later in the day, the same officer again observed petitioner's cell partially covered by the sheet and directed him to remove it. After again resisting, petitioner removed the sheet to reveal himself naked and masturbating. As a result, petitioner received a misbehavior report charging him with lewd conduct, obstructing visibility and refusing a direct order and, following a tier III disciplinary hearing, he was found guilty of all charges. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. Initially, the misbehavior report, supported by the testimony of several correction officers including the report's author, provides substantial evidence to support the determination (*see Matter of Fowler v Fischer*, 106 AD3d 1344, 1345 [2013], *lv denied* 21 NY3d 865 [2013]; *Matter of Torres v Fischer*, 106 AD3d 1342, 1343 [2013]). Turning to petitioner's procedural contentions, he was not improperly denied the right to call a character witness, as that witness had no knowledge of the incident (*see Matter of Rivera v Prack*, 97 AD3d 879, 880

[2012]; *Matter of Flournoy v Bezio*, 84 AD3d 1636, 1637 [2011]). Nor did the Hearing Officer err in limiting petitioner's questioning of the misbehavior report's author to relevant matters (*see Matter of Toliver v Commissioner of Corr. & Community Supervision*, 104 AD3d 981, 982 [2013]; *Matter of Lee v McCoy*, 233 AD2d 633, 634 [1996]). Finally, a review of the record reveals that the determination resulted from the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Colon v Fischer*, 98 AD3d 1176, 1177 [2012], *lv denied* 20 NY3d 857 [2013]; *Matter of Rodriguez v Fischer*, 96 AD3d 1333, 1333 [2012]). Petitioner's remaining contentions are unpreserved for our review.

Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.