■ In the Matter of SANTUNU RAFI, Appellant, v D. VENET-TOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [991 NYS2d 919]—

Appeal from a judgment of the Supreme Court (Mercure, J.), entered August 27, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

While waiting to enter the prison mess hall, petitioner told a female cook that he loved her and that he was going to use his "connections" to ensure that an inmate who had "disrespected [her] pays for it." The cook found this conversation to be threatening and, as such, petitioner was charged in a misbehavior report with stalking, harassment and making threats. Following a tier III disciplinary hearing, petitioner was found guilty of stalking and harassment. The harassment charge was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued. Petitioner now appeals from the dismissal of the petition by Supreme Court.

We affirm. Petitioner sought the testimony of a correction captain solely to corroborate his claim of retaliation but, inasmuch as the captain had no knowledge of the actual incident and petitioner had already provided detailed testimony as to his retaliation claim, the request was properly denied as redundant (*see Matter of Cahill v Prack*, 106 AD3d 1310, 1311 [2013]; *Matter of Rosales v Pratt*, 98 AD3d 764, 765 [2012], *lv denied* 19 NY3d 816 [2012]). The further contention that petitioner was denied the right to call certain inmate witnesses who executed witness refusal forms is unpreserved given his "fail[ure] to object or request that the Hearing Officer make further inquiry" (*Matter of Taylor v Fischer*, 89 AD3d 1298, 1299 [2011]; *see Matter of Toro v Fischer*, 104 AD3d 1036, 1037 [2013]). Petitioner was similarly made aware that the cook no longer worked at the facility when he sought to recall her for additional testimony, and did not request that any effort be made to secure her testimony (*see Matter of Garcia v Coughlin*, 194 AD2d 896, 897 [1993]). There is no support in the record for petitioner's remaining argument that the Hearing Officer was biased against him (*see Matter of Fero v Prack*, 110 AD3d 1128, 1129 [2013]).

Garry, J.P., Rose, Egan Jr., Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.