*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014                  518777
_____

In the Matter of SANTUNU RAFI,
                    Appellant,
          v                                    MEMORANDUM AND ORDER

D. VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Garry, J.P., Rose, Egan Jr., Lynch and Devine, JJ.

                    _____


        Santunu Rafi, Stormville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Mercure, J.),
entered August 27, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Commissioner of
Corrections and Community Supervision finding petitioner guilty
of violating a prison disciplinary rule.

        While waiting to enter the prison mess hall, petitioner
told a female cook that he loved her and that he was going to use
his "connections" to ensure that an inmate who had "disrespected
[her] pays for it."  The cook found this conversation to be
threatening and, as such, petitioner was charged in a misbehavior
report with stalking, harassment and making threats.  Following a
tier III disciplinary hearing, petitioner was found guilty of

stalking and harassment. The harassment charge was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued. Petitioner now appeals from the dismissal of the petition by Supreme Court.

We affirm. Petitioner sought the testimony of a correction captain solely to corroborate his claim of retaliation but, inasmuch as the captain had no knowledge of the actual incident and petitioner had already provided detailed testimony as to his retaliation claim, the request was properly denied as redundant (see Matter of Cahill v Prack, 106 AD3d 1310, 1311 [2013]; Matter of Rosales v Pratt, 98 AD3d 764, 765 [2012], lv denied 19 NY3d 816 [2012]). The further contention that petitioner was denied the right to call certain inmate witnesses who executed witness refusal forms is unpreserved given his "fail[ure] to object or request that the Hearing Officer make further inquiry" (Matter of Taylor v Fischer, 89 AD3d 1298, 1299 [2011]; see Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]). Petitioner was similarly made aware that the cook no longer worked at the facility when he sought to recall her for additional testimony, and did not request that any effort be made to secure her testimony (see Matter of Garcia v Coughlin, 194 AD2d 896, 897 [1993]). There is no support in the record for petitioner's remaining argument that the Hearing Officer was biased against him (see Matter of Fero v Prack, 110 AD3d 1128, 1129 [2013]).

Garry, J.P., Rose, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court