# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: March 17, 2016            521028
_____

In the Matter of MALI
    WILKERSON,
                Petitioner,

      v                            MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                Respondent.
_____

Calendar Date: February 19, 2016

Before: Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

Mali Wilkerson, Malone, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.

_____

Lynch, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

The superintendent of the correctional facility housing petitioner received an anonymous letter accusing the superintendent of being a co-conspirator to acts of violence against inmates and indicating that the inmate population was not going to tolerate such conduct any longer. Following an investigation that included the comparison of letters written by numerous inmates, it was determined that petitioner was the

author of the letter.  Petitioner was thereafter charged in a misbehavior report with making threats, rioting, creating a disturbance, harassment and violent conduct.  Following a tier III disciplinary hearing, petitioner was found not guilty of rioting, but guilty of the remaining charges.  That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, letter, petitioner's handwriting samples and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Christian v Venettozzi, 114 AD3d 975, 975 [2014]; Matter of Logan v Fischer, 109 AD3d 1043, 1043 [2013], lv denied 22 NY3d 856 [2013]).  We note that the Hearing Officer, as the trier of fact, was qualified to make an independent assessment of the letter and the handwriting samples (see Matter of Logan v Fischer, 109 AD3d at 1043; Matter of Davis v Fischer, 76 AD3d 1154, 1155 [2010]).

Turning to petitioner's procedural issues, his request for witnesses to support his claim of retaliation was properly denied as redundant, in light of the other evidence submitted addressing that issue (see Matter of Cahill v Prack, 106 AD3d 1310, 1311 [2013]; Matter of Rosales v Pratt, 98 AD3d 764, 765 [2012], lv denied 19 NY3d 816 [2012]).  The Hearing Officer also properly denied petitioner's requests for DNA testing on the envelope that contained the letter (see Matter of Johnson v Goord, 40 AD3d 1335, 1336 [2007]) and for an expert handwriting analysis of the letter (see Matter of Ponder v Fischer, 56 AD3d 1094, 1094 [2008]).

Regarding petitioner's contention that he was precluded from preparing an appropriate defense due to being denied certain documentary evidence, the record reflects that he submitted requests for the documents pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]).  While the requests were pending, the Hearing Officer provided petitioner with a portion of the documents that he had sought.  The Hearing Officer also gave him an opportunity to adjourn the hearing until the remaining requests were processed, but petitioner declined.  Additionally, although petitioner's request for a copy of the anonymous letter was denied by the Hearing

Officer, he was provided access to the letter at the hearing, and the hearing was then adjourned to afford him more time to prepare his defense.  Accordingly, petitioner has not demonstrated that the lack of the documentary evidence resulted in any prejudice in preparing a defense (see Matter of Rosario v Annucci, 127 AD3d 1477, 1478 [2015]).

As to petitioner's FOIL requests, inasmuch as the record reflects that petitioner failed to exhaust his administrative remedies regarding his December 10, 2013 request, our review of that issue is precluded (see Matter of White v State of New York, 117 AD3d 1250, 1250-1251 [2014]).  Further, petitioner's failure to provide a copy of the alleged denial of a February 2, 2014 FOIL request precludes our review of those issues (see Matter of Jones v Fischer, 110 AD3d 1295, 1296 n [2013], appeal dismissed 23 NY3d 955 [2014]).  Finally, petitioner failed to timely commence a CPLR article 78 proceeding seeking judicial review of the denial of his administrative appeal regarding his December 19, 2013 FOIL request (see CPLR 217; Public Officers Law § 89 [4] [a]; Matter of Van Steenburg v Thomas, 242 AD2d 802, 803 [1997], lv denied 91 NY2d 803 [1997]).  To the extent that they are properly before us, petitioner's many remaining contentions, including his challenge to the penalty imposed, have been considered and found to be unpersuasive.

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court