*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 23, 2016                     522112
_____

In the Matter of JERMAINE FANN,
                    Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:   May 3, 2016

Before:   Peters, P.J., Lahtinen, Rose, Lynch and Mulvey, JJ.

_____

        Jermaine Fann, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Superintendent of Auburn
Correctional Facility finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
refusing a direct order and failing to comply with facility count
procedures.  The charges stem from petitioner remaining in his
bed without responding to several orders to report for the
facility's morning count.  Following a tier II disciplinary
hearing, petitioner was found guilty of both charges.  That
determination was affirmed upon administrative appeal.  This CPLR
article 78 proceeding ensued.

We confirm. Initially, petitioner confines his challenge to procedural matters, as he has withdrawn his claim that the misbehavior report, standing alone, did not constitute substantial evidence of the determination of guilt. He asserts that he was improperly denied the right to call the Superintendent of the correctional facility as a witness at the hearing to prove that the misbehavior report was made in retaliation for filing a prior grievance against the correction officer who authored the misbehavior report. However, as the Superintendent was not present at the time of the incident that formed the basis of the misbehavior report and was not shown to have any relevant personal knowledge, his testimony was properly excluded by the Hearing Officer (see Matter of Blackwell v Fischer, 106 AD3d 1346, 1346 [2013]; Matter of Walker v Fischer, 71 AD3d 1309, 1039 [2010], lv dismissed 14 NY3d 912 [2010]). Furthermore, the Hearing Officer afforded petitioner the opportunity to present his exculpatory retaliation defense by permitting him to testify at the hearing and to submit documentary evidence including a copy of the grievance, which was read into the record (see Matter of Wilkerson v Annucci, 137 AD3d 1444, 1445 [2016]; Matter of Rafi v Venettozzi, 120 AD3d 1481, 1482 [2014]; Matter of Rosales v Pratt, 98 AD3d 764, 765 [2012], lv denied 19 NY3d 816 [2012]). Finally, the record demonstrates that the finding of guilt was premised on the evidence presented at the hearing, rather than on alleged hearing officer bias or on the Hearing Officer's brief off-the-record discussion with the Superintendent to determine his availability (see Matter of Collucci v Goord, 305 AD2d 825, 825 [2003]; Matter of Steward v Selsky, 266 AD2d 605, 606 [1999]). Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., Lahtinen, Rose, Lynch and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court