Appeal from a judgment of the Supreme Court (Ryba, J.), entered September 6, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 In July 2011, petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct and failing to comply with frisk procedures. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty as charged, but this Court subsequently annulled that determination and remitted the matter for a rehearing (Matter of Rambert v Fischer, 128 AD3d 1111 [2015]). Following the 2015 rehearing, petitioner again was found guilty. That determination was affirmed upon administrative review, and petitioner thereafter commenced this CPLR article 78 proceeding — contending that his due process rights were violated. Supreme Court dismissed the petition, prompting this appeal.
 

 Petitioner, as so limited by his brief, contends that he improperly was denied the right to call certain witnesses at the rehearing. We disagree. With respect to three particular inmates who allegedly witnessed the altercation between petitioner and the injured correction officer, the record reflects that, as of the 2015 rehearing, all three inmates had been released from custody and no longer were subject to parole supervision, the phone numbers previously provided no longer were in service and no further contact information was available. In short, despite attempts by the Hearing Officer, the inmates in question simply could not be located. We are satisfied that the Hearing Officer undertook “reasonable and substantial efforts” to locate the requested inmate witnesses (Matter of Davila v Prack, 113 AD3d 978, 979 [2014], lv denied 23 NY3d 904 [2014]; cf. Matter of Sherman v Annucci, 142 AD3d 1196, 1197 [2016]). The remaining witnesses requested by petitioner were properly denied either because the witnesses had no first-hand knowledge of the underlying incident (see e.g. Matter of Pilet v Annucci, 128 AD3d 1198, 1198-1199 [2015]; Matter of Mena v Bedard, 117 AD3d 1275, 1275 [2014]; Matter of Smith v Rock, 108 AD3d 889, 889-890 [2013], lv denied 22 NY3d 854 [2013]) or the proffered testimony would have been redundant given the other proof tendered by petitioner in support of his harassment and retaliation claims (see e.g. Matter of Wilkerson v Annucci, 137 AD3d 1444, 1445 [2016]; Matter of Rafi v Venettozzi, 120 AD3d 1481, 1482 [2014]; Matter of Cahill v Prack, 106 AD3d 1310, 1311 [2013]). Petitioner’s remaining contentions, including his claim of hearing officer bias, have been examined and found to be lacking in merit.
 

 McCarthy, J.P., Garry, Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.