Matter of Coffey v Collado (2019 NY Slip Op 01703)





Matter of Coffey v Collado


2019 NY Slip Op 01703


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

527405

[*1]In the Matter of ROBERT COFFEY, Petitioner,
v
JAIFA COLLADO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.

Calendar Date: February 8, 2019

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Rumsey, JJ.


Robert Coffey, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination by respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats and harassment. According to the report, a correction officer was conducting rounds and approached petitioner's cell, and petitioner became verbally abusive and told the officer to "crack my cell so we can settle this." Following a tier II disciplinary hearing, petitioner was found guilty of both charges. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and testimony of the correction officer who was involved in the incident and wrote the report provide substantial evidence to support the determination of guilt (see Matter of Brown v Venettozzi, 162 AD3d 1434, 1435 [2018]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]). Petitioner's contention that the report was fabricated in retaliation for a grievance that he had filed against its author presented a credibility issue for the Hearing Officer to resolve (see Matter of Scott v Annucci, 164 AD3d 1553, 1553 [2018]; Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]).
As to petitioner's procedural issues, we reject his claim that he was improperly denied the right to call certain witnesses, insofar as the requested witnesses had no firsthand knowledge of the incident in question and, to the extent they had information regarding his retaliation claim, that information was redundant in light of the other evidence submitted on that issue (see Matter of Cahill v Prack, 106 AD3d 1310, 1311 [2013]; Matter of Rosales v Pratt, 98 AD3d 764, 765 [2012], lv denied 19 NY3d 816 [2012]). Further, inasmuch as the record reflects that the hearing [*2]was conducted in a fair and impartial manner with no evidence that the determination of guilt flowed from any alleged bias, we reject petitioner's claim that the Hearing Officer should have recused himself from the matter due to petitioner naming him in an unrelated lawsuit (see Matter of Partee v Bezio, 67 AD3d 1224, 1225 [2009], lv denied 14 NY3d 702 [2010]; Matter of Burgess v Goord, 34 AD3d 948, 949 [2006], lv denied 8 NY3d 813 [2007]; Matter of Chavis v Goord, 8 AD3d 786, 787 [2004]). Petitioner's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.