Matter of Jewish Press, Inc. v New York City Dept. of Hous. Preserv. & Dev. (2021 NY Slip Op 02222)





Matter of Jewish Press, Inc. v New York City Dept. of Hous. Preserv. & Dev.


2021 NY Slip Op 02222


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 150695/20 Appeal No. 13541 Case No. 2020-04363 

[*1]In the Matter of the Jewish Press, Inc., Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Aron Law PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 20, 2020, denying the petition seeking to compel respondent New York City Department of Housing Preservation and Development (HPD) to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and granting HPD's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
On August 22, 2019, petitioner appealed HPD's failure to produce, in response to its FOIL request, "all communications between HPD representatives and individuals outside of the agency regarding the classification of Hasidic Jews."
Pursuant to Public Officers Law § 89(4)(a), "any person denied access to a record may within thirty days appeal in writing such denial" and an agency "shall within ten business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought."
Here, petitioner's administrative remedies were exhausted when HPD constructively denied its timely appeal by failing to respond to the appeal within the statutorily mandated 10-day period (see Public Officers Law § 89[4][a], [b]; see also Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 406 [1st Dept], lv dismissed 21 NY3d 930, lv denied 22 NY3d 854 [2013]; Matter of Kelly v New York City Police Dept., 286 AD2d 581 [1st Dept 2001]; Matter of Van Steenburg v Thomas, 242 AD2d 802 [3d Dept 1997], lv denied 91 NY2d 803 [1997]). Thus, the four-month limitations period to challenge HPD's decision began to run when the statutorily mandated 10-day period to respond to the appeal expired (Matter of Kelly, 286 AD2d at 581; Matter of Van Steenburg, 242 AD2d at 803). Since this proceeding was not commenced within the four-month limitations period, it was properly dismissed as untimely.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021